PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RYAN E. RAIDER, | ) | |
| | ) | CASE NO. 1:19-CV-306 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| KIMBERLY CLIPPER, WARDEN, | ) | |
| | ) | **ORDER** |
| Respondent. | ) | [Resolving ECF No. 12] |

Pending before the Court is Petitioner Ryan E. Raider's Objection to the magistrate

judge's Report and Recommendation (R&R).  ECF No. 12.  The case was referred to the

magistrate judge  for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule

72.2.  The magistrate judge recommended that the Court deny the petition.  ECF No. 11.  For the

following reasons, after *de novo* review, the Court concurs with the magistrate judge's overall

conclusion that the petition be denied.

### I. Background[1]

A Lorain County Grand Jury returned an indictment against Petitioner charging him with

the following five counts:

> Count 1: Aggravated murder in violation of Ohio Rev. Code § 2903.01(A), with a firearm
> specification.
>
> Count 2: Murder in violation of Ohio Rev. Code § 2903.02(A), with a firearm
> specification.

---

[1]  The Court adopts herein (without reprinting fully) the Factual Background and
Procedural History provided in the R&R.  *See* ECF No. 11 at PageID #: 1610 – 1620.

(1:19-CV-306)

> Count 3: Murder in violation of Ohio Rev. Code § 2903.02(B), with a firearm specification.
>
> Count 4: Felonious assault in violation of Ohio Rev. Code § 2903.11(A)(1), with a firearm specification.
>
> Count 5: Felonious assault in violation of Ohio Rev. Code § 2903.11(A)(2), with a firearm specification.

*See State v. Raider*, 97 N.E.3d 1191, 1194-1200 (Ohio Ct. App. 2017)

At trial, a jury returned verdicts of guilty on Counts 2, 3, 4, and 5, including the firearms specifications for each count.  Petitioner was acquitted of Count 1.  Petitioner was sentenced to 15 years to life for murder, consecutive to the three-year firearm specification, for an aggregate sentence of 18 years to life.  On direct appeal, Petitioner raised three assignments of error to the Court of Appeals:

> First Assignment of Error: Defense counsel's failure to object to unfairly prejudicial evidence and failure to request a lesser include [sic] offense deprived the appellant his right to effective assistance of trial counsel.
>
> Second Assignment of Error: The prosecutor's improper attempt to submit to the jury a matter outside the evidence through questions asked of a defense witness during cross-examination deprived the appellant a fair trial.
>
> Third Assignment of Error: The trial court's erroneous jury instruction deprived the appellant his right to a fair trial under the state and federal Due Process Clauses.

*Id*. at 1194-1200.

The Court of Appeals affirmed the judgment of the trial court, with one judge dissenting and indicating that he would have upheld Petitioner's second assignment of error.  *Id.* at 1205; *Id.* at 1206 (Callahan, J., dissenting).  Petitioner sought discretionary appeal by the Ohio Supreme Court which declined to accept jurisdiction.

Petitioner filed the instant petition, asserting three grounds for relief, under 28 U.S.C. § 2254:

> Ground One: The failure of defense counsel to request a lesser included offense, combined with the failure to object to unfairly prejudicial evidence which included "gut feeling"

2

(1:19-CV-306)

testimony from a witness that she believed he would go crazy and kill in the future, deprives a defendant his right to the effective assistance of trial counsel.

Ground Two: Misconduct by the prosecutor deprived the petitioner [of] his due process right to a fair trial.

Ground Three: The trial court's refusal to provide accurate jury instructions deprived the petitioner [of] his due process right to a fair trial.

ECF No. 1 .

Respondent filed a return of writ (ECF No. 8), Petitioner filed the traverse (ECF No. 9)[2], and Respondent replied (ECF No. 10). The magistrate judge recommended the Petition be denied, and Petitioner not be granted a certificate of appealability. *See* ECF No. 11 at PageID #: 1640. Petitioner has filed two objections.

## II. Standard of Review

When objections have been made to the magistrate judge's Report and Recommendation, the District Court's standard of review is *de novo*. Fed. R. Civ. 72(b)(3). A district judge: "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." *Id*. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id*.

## III. Discussion

Petitioner's first objection relates to the magistrate judge's assessment of Petitioner's claims of ineffective assistance of counsel. Petitioner alleged that he suffered ineffective assistance in four ways: (1) trial counsel's failure to request a lesser-included-offense jury

---

[2] In his traverse, Petitioner concedes that his Third Ground for Relief. *See* ECF No. 9 at PageID#: 1584 (Raider . . . concede[s] that the claim is not meritorious . . . Therefore, for the Third Claim of Relief only, Raider concedes that he cannot meet the requirement of 28 U.S.C. section 2254(d)(1).); *see also* ECF No. 12 at PageID #: 1644 (Petitioner's objections).

3

(1:19-CV-306)

instruction.  *See* ECF No. 12 at PageID #:1646.  The second objection relates to the magistrate

judge's assessment of the prosecutorial misconduct claim under *Carroll*.  *Id*. at PageID #: 1655.

The first objection is overruled, but the second objection is sustained in part, and overruled in part.

### A. Objection 1 (Ineffective Assistance Claim)

Petitioner's first objection alleges ineffective assistance of counsel.  On § 2254 review,

petitioners face a steep climb because the Court must give appropriate deference to the state

appellate court decisions.  The magistrate judge was cognizant of this.

An application for habeas corpus cannot be granted for a person in custody pursuant to a

state conviction unless the adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable
> application of, clearly established Federal law as determined by the Supreme
> Court of the United States; or (2) resulted in a decision that was based upon an
> unreasonable determination of the facts in light of the evidence presented in the
> State court proceedings.

28 U.S.C. § 2254(d).  Thus, a court may grant habeas relief if the state court arrives at a

conclusion that is contrary to a decision of the Supreme Court on a question of law, or if the state

court decides a case differently than did the Supreme Court on a materially indistinguishable set

of facts.  ECF No. 11 at PageID #: 1621 (citing *Williams v. Taylor*, 529 U.S. 362, 405 (2000).).

Therefore, regarding a ground alleging ineffective assistance of counsel, Petition must satisfy §

2254(d), in addition to *Strickland*.  *See Harrington v. Richter*, 562 U.S. 86, 99 (2011).

To establish ineffective assistance of counsel, Petitioner must first demonstrate that

counsel's performance was deficient.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  This

is a two-part showing that requires error and prejudice.  The error prong requires a showing that

counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed to

the defendant by the Sixth Amendment.  *Id*.  The prejudice prong requires showing that

(1:19-CV-306)

counsel's deficient performance prejudiced the defense. *Id*. Failure to satisfy either requirement is fatal to an ineffective assistance claim. While a defendant must prove each element of the two-part *Strickland* test to establish an ineffective assistance of counsel claim, courts are not required to conduct an analysis under both *Strickland* prongs. *Id*. at 697. If the Court finds that Defendant cannot meet one of the two *Strickland* prongs, it need not address the other. *Id*.

Petitioner argues that the magistrate judge's analysis of the ineffective of assistance claim was erroneous because it was done on a step-by-step basis, rather than considering the four errors cumulatively. *See* ECF No. 12 at PageID #:1650.

**Failure to Request Lesser Included Offense of Reckless Homicide**

Petitioner argues that under Ohio Law a judge must provide the lesser included offense instruction when requested by a defendant. When an attorney fails to ask for the instruction, that can be seen as a prejudicial error under *Strickland*. ECF No. 12 at PageID #: 1647. The magistrate judge explicitly stated that the judge need not have given the instruction if asked. *See* ECF No. 11 at PageID #: 1625. The magistrate judge was correct. The decision to give a jury instruction on lesser included offense is partly based on the discretion of the trial judge. Under Ohio Law, the law, the evidence presented, and the discretion of the trial judge play a role in whether lesser-included-offense instructions are appropriate. *See* *State v. Wine*, 140 Ohio St.3d 409 (Ohio 2014) (holding "that defendant who presents an 'all or nothing' defense in a criminal trial does not have the right to control whether a jury receives instructions on lesser-included offenses.") Therefore, it is possible that even if the judge were asked to provide the instruction, the judge could have chosen not to if the evidence did not warrant the instruction. *See* ECF No. 11 at PageID #: 1625 (collecting case).

5

(1:19-CV-306)

The Court is, therefore, not persuaded that the magistrate judge erred when assessing whether trial counsel's failure to ask for the instruction was error under *Strickland*.  Moreover, having reviewed the issue *de novo* the Court concurs and finds that Petitioner cannot show prejudice because the instructions given the jury left ample room for the jury to acquit Petitioner of murder as charged in Count 2 if it had believed the shooting was accidental.

The trial court instructed on [both] purpose and accident.  ECF No. 8-5 at PageID #: 1134 – 1136.  In conclusion, the trial court instructed as follows:

> If, after considering all of the evidence, including that on the subject of accident, you are not convinced beyond a reasonable doubt that the Defendant had a purpose to cause the death of another, you must return a verdict of not guilty.

ECF No. 8 at PageID #: 72.  And during closing, Defense counsel appropriately argued:

> Defense counsel referring to the instructions during argument to the jury regarding the distinction between purpose and accident stated as follows:
>
> And it talks about "purposely." And it defines purpose for you. And it says that it has a specific intention, purposely has a specific intention, to cause a certain result. Obviously, if there's an accident, you don't have purpose. You don't have intention. Tr. Vol. 5, 1102."

ECF No. 8 at PageID #: 72.  Despite Petitioner's insistence to the contrary, as the magistrate judge opined, the absence of the request for a lesser included instruction was "apparently strategic."[3]  ECF No. 11 at PageID #: 1625.

---

[3] It is also worth noting that "[a]s noted in the prosecution's brief to the Ohio Court of Appeals, a reckless homicide instruction would have contradicted the accident defense."  ECF No. 8 at PageID #: 73.

6

(1:19-CV-306)

### Offense Not Charged—Testimony of Handling Firearm While Intoxicated

Petitioner complains that his trial counsel was ineffective for improperly objecting[4] to testimony that revealed his alleged handling of a firearm while intoxicated on the evening of the fatal shooting.  *See* ECF No. 11 at PageID #: 1626.  The adjudication of this issue by the Ohio Court of Appeals follows:

> [*P34] Raider challenges counsel's failure to properly object to Sergeant Collins' testimony that it was illegal to handle a firearm while intoxicated. While counsel **did** object, he did so on the basis that the testimony was improper redirect, not that the testimony was evidence of an uncharged crime. Even assuming that such testimony was improper evidence of an uncharged crime, we cannot say that the failure to object was prejudicial. Thomason, an attorney, also acknowledged during cross-examination, without objection, that a person is not supposed to handle a weapon while he has been drinking, as the person would be "under disability." Raider has not challenged on appeal trial counsel's failure to object to that testimony. Accordingly, we cannot conclude there was ineffective assistance with respect to the admission of Sergeant Collins' testimony as there could be no prejudice in light of the other admitted and unchallenged testimony.  Exhibit 12, Journal Entry and Opinion, ¶34; *State v. Raider,* Ninth App. Dist. No. 16CA010926, 2017 Ohio App. LEXIS 4136, 2017 Ohio 7788 (September 25, 2017) at ¶34.)

ECF No. 8 at PageID #: 77 (emphasis added).  Ultimately, the magistrate judge concluded that "any prejudice arising from Sergeant Collins' testimony regarding the impropriety of handling firearms while intoxicated is mitigated by similar testimony from the defense's expert witness, Thomason.  As the Ninth District noted, Thomason testified on cross-examination that "a person is not supposed to handle a weapon while he has been drinking, as the person would be 'under disability.'" *Raider*, 97 N.E.3d at 1200.  ECF No. 11 at PageID #: 1628.  The undersigned agrees.  The state court's adjudication is not unreasonable or so lacking in justification that there

---

[4] Petitioner claims the objection should have indicated the testimony was unduly prejudicial.

7

(1:19-CV-306)

was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement.

**Improper Other Acts—Failure to object to "BB Gun" Testimony**

Petitioner complains that his trial counsel was ineffective for not objecting to testimony that he had previously shot the witness with a BB gun.  After reviewing the testimony at issue and the state appellate adjudication of the issue, the magistrate judge found there was no ineffective assistance of counsel.  The magistrate judge reasoned:

> Like Ohio law, federal habeas law recognizes that "[a] petitioner's ineffective assistance claim based on counsel's failure to object will not succeed if the decision not to object flowed from objectively reasonable trial strategy." *Walker v. Morrow*, 458 F. App'x 475, 487 (6th Cir. 2012) (citing *Hodge v. Hurley*, 426 F.3d 368, 385-86 (6th Cir. 2005)). Both Mr. Raider's Petition and his Reply fail to address why trial counsel's decision not to object was not the product of any objectively reasonable trial strategy. In contrast, the State notes that defense counsel may have made the tactical choice "to avoid bringing attention to the incident by objecting. The answer may be that prior firearm use and questions of marksmanship were not something the defense wanted to emphasize to the jury." (ECF #8 at PageID 81).

ECF No. 11 at PageID #: 1630 – 1631.  Interestingly, Petitioner does not respond to the reasonable suggestion that "it may be inferred that even the defense concluded that the BB gun incident was admissible to demonstrate absence of mistake or accident as argued by the prosecution in its responsive brief."  ECF No. 8 at PageID #79.  Based on the undersigned's review of the record, the R&R's finding that "[a]n independent review of the record leads me to conclude that Mr. Raider benefitted from active and capable advocacy by defense counsel continuously throughout the trial. For this reason, his cumulative error argument is unavailing. Mr. Raider did not receive ineffective assistance of counsel."  ECF No. 11 at PageID #1634.  In sum, the Ohio Court of Appeals' adjudication is not unreasonable or so lacking in justification

8

(1:19-CV-306)

that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement.

**Relevance and FRE 403**

In his objection to the R&R, Petitioner argues that his counsel was ineffective because he "failed to object to Emily Merkel's testimony that she told Raider that she thought he was going to go crazy and kill someone in the future." ECF No. 12 at PageID #: 1653. Petitioner goes on to explain, "[t]his was held to be error, but as addressed above, was improperly found to alone not be sufficient error to be prejudicial." *Id*. Petitioner's objection concludes with, "[t]hese errors of counsel, combined with the failure to object to prejudicial Ohio Evid. R. 403 evidence, resulted in an unreliable verdict." *Id*. The state appellate court addressed this issue and ruled, in pertinent part:

> With respect to Raider's claim that E.M.'s testimony that she told Raider that he thought he would go crazy and kill someone was inadmissible under Evid. R. 403, we cannot conclude that Raider met his burden to demonstrate ineffective assistance of counsel. The Supreme Court of Ohio has held that "the failure to make objections is not alone enough to sustain a claim of ineffective assistance of counsel." *State v. Conway*, 109 Ohio St.3d 412, 2006- Ohio-2815, 848 N.E.2d 810, ¶ 103; *see also State v. Cepec*, 149 Ohio St.3d 438, 2016-Ohio-8076, 75 N.E.3d 1185, ¶ 117. In light of Raider's blanket assertion that "[i]t is not within the professional norm to fail to object to such unfairly prejudicial testimony[,]" without a discussion of prejudice, we conclude he has not demonstrated ineffective assistance of trial counsel. *See Cepec* at ¶ 116–117.

ECF No. 11 at PageID #1632. Ultimately, Petitioner bears the burden of showing that he is entitled to relief *See* ECF No. 8 at PageID #: 85 (A habeas petitioner has the burden to demonstrate that the petitioner is entitled to relief. *See, e.g., Williams v. Taylor,* 529 U.S. 362, 403 (2000).). As the appellate court reasoned, "Petitioner's "blanket assertion" as described by the state court at ¶ 38 fails to meet the problem that "merely conclusory" allegations of ineffective assistance of counsel do not warrant habeas relief." *Id*. "A "blanket assertion"

9

(1:19-CV-306)

cannot overcome the presumption that defense counsel's conduct fell within the range of effective assistance.  *Id*.

Again, the Ohio Court of Appeals' adjudication is not unreasonable or so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement.

**Cumulative Effect of Ineffective Assistance of Counsel Errors**

Petitioner argues that either individually or cumulatively, the errors alleged show ineffective assistance of counsel.  The magistrate judge considered this argument of cumulative error and rejected it.  After reasonably suggesting the argument was procedurally defaulted, the magistrate judge concluded "[e]ven without procedural default, however, the cumulative error argument is unpersuasive.  The Supreme Court has noted it is difficult to establish ineffective assistance when counsel's overall performance indicates active and capable advocacy." *Harrington v. Richter*, 562 U.S. 86, 111 (2011)."  ECF No. 11 at PageID #: 1633.  The magistrate judge explains:

> The transcript shows engaged and vigorous advocacy by Mr. Raider's trial counsel throughout the entire trial. He delivered an opening statement (ECF #8-3 at PageID #: 589), and then cross-examined each of the State's eleven witnesses (*see* ECF #8-2 at PageID #: 379). Objections were lodged throughout the State's direct examination of its witnesses. (*See, e.g.*, ECF No. 8-3 at PageID #: 604, 619, 661, 739; ECF No. 8-4 at PageID #: 940, 1008).  Following the State's completion of its case in chief, defense counsel opposed the admission of certain State exhibits.  *See* ECF #8-5 at PageID #: 783 – 816.  Then, defense counsel made an oral motion for judgment of acquittal under Rule 29 of the Ohio Rules of Criminal Procedure.  *Id.* at PageID #: 816 – 828.  When that was denied, defense counsel presented the testimony of three witnesses as the defense's case in chief. *See* ECF No. 8-5 at PageID #: 1214 – 1318; ECF No. 8-6 at PageID #: 1321 – 1395). As noted above, this included the testimony of two expert witnesses, a forensic pathologist (ECF No. 8-5 at PageID #: 1233 – 1318) and a certified firearms instructor who opined on matters relating to the model of weapon used in the shooting (ECF No. 8-6 at PageID #: 1321 – 1395). Several exhibits were also proffered as part of Mr. Raider's case in chief, two of which were ultimately

10

(1:19-CV-306)

> admitted.  ECF No. 8-6 at PageID #: 1396 – 1404.  Defense counsel renewed the
> motion for judgment of acquittal after that.  *Id.* at PageID #: 1406 – 1421.
> Finally, he delivered a closing argument.  *Id.* at PageID #: 1446 – 1484.
> Ultimately, the jury acquitted Mr. Raider of the aggravated murder charge.
>
> An independent review of the record leads me to conclude that Mr. Raider
> benefitted from active and capable advocacy by defense counsel continuously
> throughout the trial. For this reason, his cumulative error argument is unavailing.
> Mr. Raider did not receive ineffective assistance of counsel.  The First Ground for
> Relief does not warrant the issuance of habeas corpus relief.

ECF No. 11 at PageID #: 1633 – 1634.   The undersigned reaches the same conclusion.

### Conclusion Regarding Objection 1 (Ineffective Assistance of Counsel)

The Court finds no error with the magistrate judge's thorough and careful analysis of Petitioner's ground alleging ineffective assistance.  On *de novo* review, the Court concurs with the conclusion of the magistrate judge.   Minimally, the four alleged errors fail to show prejudice. Petitioner did not meet his burden under *Strickland* or Section 2254(d). "The standards created by *Strickland* and §2254(d) are both 'highly deferential'…and when the two apply in tandem, review is 'doubly' so."  *Premo v. Moore*, 556 U.S. 115, 122 (2011).

### B.  Objection 2 (Prosecutorial Misconduct)

Petitioner's second objection takes issue with the magistrate judge's analysis of Petitioner's ground for relief based on prosecutorial misconduct, Ground Two.  As background, Petitioner's theory of the case was that the gun was accidentally dropped by Petitioner, causing it to go off and kill the victim.  During cross examination, the prosecutor engaged in the following exchange with a Defense expert:

> [Prosecutor:] How about if I told you that before coming in here we dropped a Sig Sauer
> some 14 times –
> [Defense Counsel:] Objection, Your Honor.
> [Prosecutor:] - some 14 times, and it didn't go off?
> [Thomason:] I would still disagree.
> [The Court:] You may not answer the question when there's an objection. You're aware of
> that, Mr. Thomason. The basis for the objection?

11

(1:19-CV-306)

> [Defense Counsel:] The tests that the State made should be subject to cross-examination, and –
> [The Court:] The objection is sustained.
> [Defense Counsel:] - and the declaration –
> [The Court:] The objection is sustained.  Ask another question, Mr. [Prosecutor].

ECF No. 11 at PageID #: 1635.  Petitioner objects to the magistrate judge's conclusion that one question could not be misconduct.  Id. at PageID #: 1637 ("I conclude that the single question . . . does not constitute misconduct sufficient to warrant granting habeas corpus relief").

Guidance for determining whether prosecutorial misconduct violated a federal right is well summarized below:

> The relevant question in analyzing a claim for prosecutorial misconduct on habeas review is whether the prosecutors' comments so infected the trial with unfairness as to make the resulting conviction a denial of due process." Johnson v. Bell, 525 F.3d 466, 482 (6th Cir. 2008) (internal quotation marks and citations omitted). **\*569** We must first determine whether the prosecutors' statements were in fact improper. Slagle v. Bagley, 457 F.3d 501, 516 (6th Cir. 2006). If they were, then a four-factor test is applied to determine whether the impropriety was flagrant. Id. The four factors are as follows: "(1) whether the conduct and remarks of the prosecutor tended to mislead the jury or prejudice the defendant; (2) whether the conduct or remarks were isolated or extensive; (3) whether the remarks were deliberately or accidentally made; and (4) whether the evidence against the defendant was strong." United States v. Carter, 236 F.3d 777, 783 (6th Cir. 2001) (citing United States v. Carroll, 26 F.3d 1380, 1385 (6th Cir.1994)).

Fears v. Bagley, 462 Fed. Appx. 565 (6th Cir. 2012).  The prosecutor's injection of evidence of how the firearm at issue would respond if dropped was improper.  The objection was appropriately sustained.  Next, the Court analyzes the prejudice resulting from that statement. As indicated above, the Court must weigh four factors: (1) whether the conduct of the prosecutor tended to mislead the jury or prejudice the defendant, (2) whether the conduct or remarks were isolated or extensive, (3) whether the remarks were deliberately or accidentally made, (4) whether the evidence against the Defendant was strong.  Id.  Reviewing these factors, the key is

12

(1:19-CV-306)

whether the misconduct in question so infected the trial with unfairness as to make the

conviction a denial of due process.  *Lundgren v. Mitchell,* 440 F.3d 754, 778 (6th Cir. 2006).

        The magistrate judge mentioned the *Carroll* factors, but did not articulate his findings as

to each.[5]  The Court has, however, conducted a *de novo* review of the required four factors.

        As indicated above, the Court finds that the question was improper because it assumed

facts not in evidence.  There is no indication the prosecutor ever personally completed the test

referenced.  Although the question was improper, none of the four factors support Petitioner's

position that the question reversibly tainted his trial or denied him due process.  Regarding this,

the appellate court ruled:

> [*P46] After considering this question in the context of the whole trial, we cannot
> say that Raider has demonstrated that, "but for the prosecutor's misconduct, the
> trier of fact would not have convicted him." *Miller* at ¶ 22. We have previously
> set forth the extensive trial testimony which included a substantial amount of
> evidence that would support Raider's guilt. In addition, any harmful effect of the
> particular question that Raider challenges on appeal was lessened by other related
> questions raised by the prosecution that were either not objected to or not
> challenged on appeal. Accordingly, in light of the foregoing, we cannot say that
> Raider has demonstrated that he was prejudiced by any improper conduct by the
> prosecution. [] Considering the improper question in the context of the entire trial,
> including the other related questions which were unchallenged, Raider has not
> demonstrated that, in the absence of that one question, he would not have been
> convicted.
>
> [*P47] Raider's second assignment of error is overruled.

ECF No. 8 at PageID #: 88 – 89.

        It does not appear that the improper question misled the jury.  Moreover, the Court finds

that the conduct was isolated, and did not appear to have been deliberate.  Lastly, the evidence

---

    [5]  Again, the magistrate judge simply stated "I conclude that the single question
by the prosecutor does not constitute misconduct sufficient to warrant granting habeas
corpus relief."  *See* ECF No. 11 at PageID #: 1637.

(1:19-CV-306)

against Petitioner was quite strong.  *Id*.  And, as indicated above, Petitioner has not shown that, in the absence of that question, he would not have been convicted.  While Petitioner is correct, one improper act can constitute prejudice.  *See* ECF No. 12 at Page ID #: 1655.  In this case, the prosecutorial misconduct did not so infect the trial as to create to a due process violation.  *See also*, *Donnelly v. DeChristoforo*, 416 U.S. 637 (1974) (acknowledging that prosecutor made improper remarks but finding they were not so prejudicial as to require reversal).

### IV.  Certificate of Appealability for Both Objections

The Court must now determine whether to grant a Certificate of Appealability ("COA") for any of Raider's grounds for relief.

Habeas courts are guided in their consideration of whether to grant a COA by 28 U.S.C. § 2253, which provides in relevant part:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from --
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court . . .
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

28 U.S.C. § 2253.

This language is identical to the requirements set forth in the pre-AEDPA statutes, requiring the habeas petitioner to obtain a Certificate of Probable Cause.  The sole difference between the pre- and post-AEDPA statutes is that the petitioner must now demonstrate he was denied a *constitutional*, rather than federal, right.  *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (interpreting the significance of the revision between the pre- and post-AEDPA versions of that statute).

Furthermore, if a habeas claim is not procedurally defaulted, then the court need only determine whether reasonable jurists would find the district court's decision "debatable or

14

(1:19-CV-306)

wrong." *Id.* at 484.  A more complicated analysis is required, however, when assessing whether

to grant a COA for a claim the district court has determined is procedurally defaulted.  In those

instances, a COA should only issue if "jurists of reason would find it debatable whether the

petition states a valid claim of the denial of a constitutional right and that jurists of reason would

find it debatable whether the district court was correct in its procedural ruling."  *Id.*

After taking the above standards into consideration, the Court finds as follows:

The Court will not issue a COA for Ground One (Ineffective Assistance of Counsel).  No

jurist of reason would debate the Court's conclusions on that claim.

The Court will, however, issue a COA for Petitioner's Ground Two (Prosecutorial

Misconduct).   A reasonable jurist could debate the Court's conclusions regarding that claim.

### V.  Conclusion

Accordingly, having addressed all the objections, the Court adopts the Magistrate

Judge's Report and Recommendation as modified herein.  Petitioner Ryan E. Raider's

Petition for a Writ of Habeas Corpus is denied.  The Court certifies, pursuant to 28 U.S.C.

§ 1915(a)(3), that an appeal from this decision could not be taken in good faith as to Ground

One (Ineffective Assistance of Counsel).  The Court issues a certificate of appealability as

to Ground Two (Prosecutorial Misconduct).  28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

March 31, 2022                                    /s/ Benita Y. Pearson
Date                                                     Benita Y. Pearson
                                                         United States District Judge